IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF GEORGIA

| | | |
|---|---|---|
| In re: | : | BANKRUPTCY CASE |
| CRYSTAL Y. NEAL, | : | NO. 14-71142 |
| Debtor. | : | CHAPTER 13 PROCEEDING |

## CHAPTER 13 PLAN

1. The future earnings of the debtor are submitted to the supervision and control of the Trustee and the debtor's (or the debtor's employer) shall pay to the Trustee the sum of **$920.00** monthly.

2. From the payments so received, the Trustee shall make disbursements as follows:

   (a) The Trustee percentage fee as set by the United States Trustee.
   (b) The monthly payments will be made on the following long-term debts: (Payments which become due after the filing of the petition but before the month of the first payment designated here will be added to the pre-petition arrearage claim).

| NAME OF CREDITOR | MONTH OF FIRST PAYMENT UNDER THE PLAN | MONTHLY PAYMENT AMOUNT |
|---|---|---|
| **NONE** | | |
| | | |
| | | |

   (c) Pre-confirmation adequate protection payments will be made to the following secured creditors and holders of executory contracts after the filing of a proof of claim by the creditor. These payments will be applied to reduce the principal of the claim:

| NAME OF CREDITOR | ADEQUATE PROTECTION AMOUNT |
|---|---|
| **Chrysler Capital** | $30 |
| **Santander Consumer USA** | $40 |
| **1st Franklin Financial** | $10 |
| **Farmers Furniture** | $10 |
| | |

   (d) The following claims are not subject to cram down because the claims are secured by a purchase money security interest in a vehicle and the claim and incurred within 910 days of filing the bankruptcy petition, or, if the claim is secured by a purchase money security interest in other collateral incurred within 1 year of filing. See 11 U.S.C § 1325(a):

| NAME OF CREDITOR | AMOUNT DUE | INTEREST RATE | COLLATERAL | MONTHLY PAYMENT |
|---|---|---|---|---|
| **Chrysler Capital** | $15,381 | 5% | 2010 Toyota Camry | $291 |
| **Santander Consumer USA** | $22,579 | 5% | 2013 Nissan Sentra | $427 |
| | | | | |
| | | | | |
| | | | | |

(e) After confirmation of the plan, the secured creditors with allowed claims will be paid as follows:

| NAME OF CREDITOR | AMOUNT DUE | VALUE | INTEREST RATE | COLLATERAL | MONTHLY PAYMENT AMOUNT |
|---|---|---|---|---|---|
| 1st Franklin Financial | $2,175 | 550 | 5% | 2000 Chevy Blazer | $11 |
| Farmers Furniture | $1,468 | 650 | 5% | Appliances & Mower | $13 |
| | | | | | |
| | | | | | |
| | | | | | |

**TOTAL OF SECTION (d) and (e)  $742.00**

(f)    *Attorney fees ordered pursuant to 11 U.S.C. § 507(a)(2) of **$3,000.00** to be paid as follows: Pursuant to Current Administrative Order on attorney Fee Awards.

(g)    After the above are paid, distribution will be made to cure arrearages and other secured debts whose claims are duly proven and allowed as follows:

| NAME OF CREDITOR | AMOUNT DUE | ESTIMAED VALUE | INTEREST RATE | COLLATERAL |
|---|---|---|---|---|
| Citifinancial | $800 | N/A | 0% | Mortgage arrears |
| | | | | |

(h)    The following collateral is surrendered to the creditor:

| NAME OF CREDITOR | DESCRIPTION OF COLLATERAL |
|---|---|
| NONE | |

(i)    The following domestic support obligations will be paid over the life of the plan as follows: (These payments will be made simultaneously with payment of the secured debt to the extent funds are available and will include interest at the rate of ____%. (If this is left blank, no interest will be paid.)

| NAME OF CREDITOR | PAYMENT AMOUNT |
|---|---|
| NONE | |

(j)    The following unsecured claims are classified to be paid at 100%. These payments will be made simultaneously with payment of the secured debt:    **Berrien County Tax Commissioner claim of approx. $1,856 to be paid at $31 per month at 0% interest.**

(k)    All 11 U.S.C. § 507 priority claims, unless listed under 2(g), will be paid in full over the life of the plan as funds become available in the order specified by law.

(l) The debtor(s) will be the disbursing agent on the following debts:

>   **CitiFinancial home mortgage beginning with September, 2014 payment.
>   Student loan obligations.**

(m)    Special provisions:

(1)    Within thirty (30) days of completion of payments of the secured debt to the following secured creditors whose claim is secured by a vehicle, each secured creditor shall deliver the certificate of title to the respective vehicle to the Debtor(s) with the lien released and satisfied: **1st Franklin Financial (2000 Chevy Blazer)**

(2) Debtor request(s) to make direct payments.

(3) The holder of a type of claim governed by Code Section 1322(b)(5) or (b)(7) shall serve the Trustee, the debtor, and the debtor's counsel with a statement of any increase or decrease of periodic payments prior to the effective date of the adjustment of the payment amounts.

(4) Upon discharge, all non-purchase money, non-possessory liens and/or judicial/consensual liens in any and all property of the bankruptcy estate will be avoided pursuant to 11 USC §522(f), and upon notice of discharge, the creditors shall cancel said lien(s) of record within fifteen (15) days of such notice. This provision shall apply to all creditors, including:

| | |
|---|---|
| Consolidated Loan Co. | 1st Franklin Financial |
| Home Finance Co. | Access Loan Company |
| Springleaf Financial Services | Personal Finance |

(5) $133 will be assigned to costs and unclassified unsecured creditors. The term of the plan is approximately **5 years**.

Debtor(s) will make payments that will meet all of the following parameters (these are not cumulative, debtors will pay the highest of the three):

(i) Debtor will pay all of his disposable income as shown on Form B22C of $0 to the non-priority unsecured creditors in order to be eligible for a discharge.

(ii.) If the debtor filed a Chapter 7 case, the priority and other unsecured creditors would receive $0. Debtor will pay this amount to the priority and other unsecured creditors in order to be eligible for discharge in this case.

(iii) The debtor will pay $0 to the general unsecured creditors to be distributed prorata.

(n) General unsecured creditors whose claims are duly proven and allowed will be paid:

0% dividend as long as this dividend exceeds the highest amount, if any, shown in paragraph (n)(i), (n)(ii) or (n)(iii), and the debtor pays in at least 36 monthly payments to be eligible for discharge.

(o) Unless otherwise ordered by the court, all property of the estate, whether in the possession of the trustee or the debtor, remains property of the estate subject to the court's jurisdiction, notwithstanding § 1327(b), except as otherwise provided in paragraph (m) above. Property of the estate not paid to the Trustee shall remain in the possession of the debtor. All property in the possession and control of the debtor shall be insured by the debtor. The Chapter 13 Trustee will not and is not required to insure assets and has not liability for injury to any person, damage or loss to any property in possession and control of the debtor or other property affected by property in possession and control of the debtor.

(p) Notwithstanding the proposed treatment or classification of any claim in the plan confirmed in this case, all lien avoidance actions or litigation involving the validity of liens, or preference action will be reserved and can be pursued after confirmation of the plan. Successful lien avoidance or preference actions will be grounds for modification of the plan.

Sept. 9, 2014
Date

/s/ Thomas D. Lovett
Thomas D. Lovett, Attorney for Debtor(s)